UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL WACLAWSKI,

                Petitioner,

                                           CIVIL ACTION NO. 2:12-CV-10863
v.                                    HON. NANCY G. EDMUNDS
                                           UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Steven Michael Waclawski, (petitioner), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on February 27, 2012. In his *pro se* petition, petitioner challenged his 2008 conviction out of the Macomb County Circuit Court for first-degree criminal sexual conduct, M.C.L.A. 750.520b, second-degree criminal sexual conduct, M.C.L.A. 750.520c, using a computer to produce child sexually abusive material, M.C.L.A. 752.797(3), and producing child sexually abusive material, M.C.L.A. 750.145c(2). Respondent filed an answer to the petition for writ of habeas corpus and petitioner filed a reply brief. In reviewing the pleadings and the lower court record, it has come to the attention of the Court that petitioner died on October 26, 2012. [1] For the reasons set forth

---

[1] The M.D.O.C.'s Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence in Case # 06-5398-FC from the Macomb County Circuit Court on October 26, 2012 as a result of his death. This is the case that petitioner was challenging in his petition. An obituary from the Macomb Daily newspaper dated November 4, 2012 confirms that petitioner passed away on that date. A federal court can take judicial notice of information contained in a newspaper article. *Logan v. Denny's, Inc.,* 259 F. 3d 558, 578, n. 9 (6th Cir. 2001).

1

below, the Court dismisses the petition for writ of habeas corpus as moot.

## I. Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.*  When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).  "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

The death of an inmate during the pendency of his or her habeas petition in federal court renders the habeas action moot and deprives the federal court of jurisdiction over the case. *See Hailey v. Russell,* 394 U.S. 915 (1969); *Griffey v. Lindsey,* 349 F. 3d 1157, 1157

(9th Cir. 2003); *Figueroa v. Rivera,* 147 F. 3d 77, 82 (1st Cir. 1998); *Beach v. Humphries,* 914 F.2d 1494 (Table), No. 1990 WL 140574 (6th Cir. September 21, 1990); *Knapp v. Baker,* 509 F. 2d 922, 922 (5th Cir. 1975); *Hauptmann v. Wilentz,* 570 F. Supp. 351, 401 (D.N.J.,1983); *In Re Kravitz,* 504 F. Supp. 43, 52 (M.D. Pa. 1980).   Based upon the foregoing, the Court concludes that petitioner's habeas claims have been rendered moot by his death on October 26, 2012.

The Court will dismiss the petition for writ of habeas corpus as moot.  The Court will also deny a certificate of appealability.  28 U.S.C. § 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  The Court will deny a certificate of appealability because the petitioner's request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 Fed. Appx. 113 (4th Cir. 2003).

## II.  ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

3

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record
on February 19, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager